UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOISE MOBILE EQUIPMENT, INC., an Idaho Corporation,<br><br>           Plaintiff,<br><br>v.<br><br>MAZAK OPTONICS CORPORATION, and Illinois Corporation, and GLADWIN MACHINERY AND SUPPLY COMPANY, a Minnesota Corporation,<br><br>           Defendants. | Case No. 1:21-cr-00200-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Boise Mobile Equipment, Inc.'s ("BME") Motion for Protective Order. Dkt. 127. BME seeks an order confirming it is not required to respond to Defendant Mazak Optonics Corporation's ("Mazak") Third Set of Requests for Production or sit for any deposition related to the same. *See generally id*.

Mazak opposes the motion. Dkt. 128.

Upon review, and for the reasons set forth below, the Court GRANTS the motion, strikes Mazak's Third Request for Production, and affirms BME need not respond or sit for a deposition.[1]

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

Discovery in this case closed on June 16, 2023. Dkt. 55.[2] Summary judgment briefing followed, and the Court set the various motions for oral argument. Dkt. 119. On the eve of the hearing, BME and Defendant Gladwin Machinery and Supply Company ("Gladwin") settled (Dkt. 121) and the Court dismissed Gladwin from the case (Dkt. 123).

The Court ultimately issued a decision granting in part and denying in part Mazak's Motion for Summary Judgment and denying BME's Motion for Summary Judgment. Dkt. 125. That was April 9, 2025.

On April 25, 2025, Mazak issued a Rule 30(b)(6) Notice of Deposition to BME to obtain information about the settlement between BME and Gladwin. BME objected.

In late May 2025, the parties contacted the Court's law clerk regarding the dispute. In accordance with its standard practice, the Court's law clerk held an informal conference with counsel to mediate the dispute. The Court's law clerk indicated the Court would likely allow some *limited* discovery into the settlement between BME and Gladwin and asked the parties to work together to set the parameters of that discovery. The parties were unable to agree to any parameters and so informed the Court's law clerk. On June 20, 2025, the Court's law clerk indicated the Court would review the matter more fully and "issue an order" on the dispute as soon as practical. Dkt. 129-2, at 2.

On July 8, 2025—before the Court had issued any order or guidance—Mazak served BME with its Third Set of Requests for Production seeking documents and

---

[2] A short extension for expert depositions was also granted. *See* Dkts. 68, 70. Accordingly, all discovery officially closed on August 1, 2023.

communications concerning the settlement and the transfer of certain property between BME and Gladwin. Dkt. 127-3. BME promptly filed the instant Motion for Protective Order. Dkt. 127. Mazak opposes the Motion. Dkt. 128.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order, and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). A party seeking a protective order "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

The Court has broad discretion in determining the scope of permissible discovery. *Flatow v. Islamic Republic of Iran*, 308 F.3d 1065 1074–75 (9th Cir. 2002).

### IV. DISCUSSION

BME seeks an order from the Court striking Mazak's requests because: Mazak has not shown good cause to disregard the Court's prior scheduling deadlines and the issues Mazak seeks to discover are inadmissible settlement negotiations. The Court will address each argument in turn.

As a threshold matter, however, Mazak argues BME's Motion is procedurally flawed because BME did not include a certification that it conferred with Mazak in good

MEMORANDUM DECISION AND ORDER - 3

faith before filing the motion itself. While BME may not have met and conferred with Mazak about this Motion specifically, the parties have met and conferred regarding this dispute twice and discussed possible compromise options with the Court's law clerk. BME, therefore, sufficiently engaged with Mazak before filing its Motion, and Mazak was not prejudiced by BME's conduct.

If either party's conduct prejudiced the other, it was Mazak that prejudiced BME. Instead of waiting for the Court to issue an order outlining the parameters of discovery—as it indicated it would—Mazak plowed forward with serving its discovery requests.[3] The Court finds Mazak's opening concern misplaced and inapplicable, and BME's technical failure to include a certification is excused.

## A. Scheduling Deadlines

As noted, discovery in this case closed over two years prior to Mazak serving its Third Requests for Production. Mazak has not moved to reopen discovery.[4] And it has not shown that such is warranted or that the information sought is relevant.

First, Mazak claims it could not have requested this information during the original discovery period because the settlement between BME and Mazak occurred one year *after*

---

[3] Mazak recounts the same history outlined above and indicates that, upon informing the Court's law clerk that the parties were still at an impasse about discovery parameters, it was "going to accept [the] Court's guidance." Dkt. 128, at 3. Confusingly then, Mazak claims it was "in accordance with that" that it moved forward with its discovery requests. *Id*. But at the time Mazak sought discovery, there was no guidance for Mazak to follow. Mazak did not violate a formal Court order; however, it decided to serve its requests without the Court's involvement when it knew the Court was working on an order to aid the parties in their efforts.

[4] Even now, Mazak does not ask the Court to reopen discovery. It briefly asserts there is "good cause to re-open discovery." Dkt. 128, at 6. But it has made no such formal request.

MEMORANDUM DECISION AND ORDER - 4

discovery had closed. This is true. However, Mazak has not explained why it waited *an additional year* to seek the information. Although summary judgment was underway, if Mazak believed information about the settlement between BME and Gladwin was truly relevant, it could have moved to reopen discovery any time instead of seemingly assuming the Court would grant summary judgment in its favor. This shows a lack of diligence on Mazak's part and does not justify reengaging in discovery two years after the deadline passed and one year after learning about the supposedly relevant information. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).

Second, the requests relate to a party that has been dismissed. It is not clear why Mazak needs this information. As the Court will address more fully below, Mazak asserts it does not actually want information about the settlement itself, just the movement of a piece of machinery (the FG-150 laser)—but that movement was ostensibly part of the settlement. Mazak has not explained how the transfer of that piece of equipment has any bearing on the surviving claims.

The Court finds Mazak has not shown good cause to reopen discovery at this late stage. It did not timely move to reopen discovery, it did not wait for the Court's guidance, and it has not shown how the information is relevant to the remaining issues.

## B. Settlement Discussion

BME next contends Mazak's discovery requests seek the details of settlement negotiations, which are generally irrelevant. *See* Fed. R. Evid. 408.

The protections regarding settlement negotiations are robust. Even if something only touches on settlement negotiations, the Court should be wary to grant discovery or, at

the very least, should require the party seeking the information to show a heighted or particularized need for the discovery. *See, e.g., Travelers Prop. Cas. Co. of America v. Bobrick Washroom Equip., Inc.,* 2024 WL 4289897, at \*4 (M.D. Penn. Sept. 25, 2024).

Mazak contends it is *not* seeking information about BME and Gladwin's settlement negotiations, but only the transfer of the FG-150 laser between BME and Gladwin. But BME indicates the transfer of the laser was part of the settlement negotiations between those parties.[5]

Mazak has not shown any heighted or particularized need for this discovery. It has simply stated that information regarding "the transfer of the FG-150 laser to Gladwin [is] relevant to the claims and defenses at issue in this case." Dkt. 128, at 7. Without a more robust explanation, the Court is not willing to allow Mazak to reach into (or even around) the settlement negotiations between BME and Gladwin.

## V. CONCLUSION

For the reasons explained above, the Court finds BME has met its burden and that a protective order is appropriate. Mazak has not persuasively shown why discovery should be reopened at this late date or why the Court should allow it to discover information related to settlement negotiations. Accordingly, the requests are stricken and BME need not respond to the requests or sit for a deposition regarding the same.

---

[5] BME has hinted at, but not directly stated, the transfer was part of the settlement. Dkt. 127-1, at 7; Dkt. 129, at 7–8. Again, however, even assuming arguendo that the sale of the laser *was not* part of the settlement negotiations, the Court has already determined Mazak has not shown good cause to reopen discovery. Thus, even if some of Mazak's requests did not touch on *anything* related to settlement negotiations, the Court would not allow the requests as discovery has long since closed.

MEMORANDUM DECISION AND ORDER - 6

## VI. ORDER

1.    BME's Motion for Protective Order (Dkt. 127) is GRANTED as outlined above.

DATED: February 4, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7